UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NADINE COX, | ) No. ED CV 07-01330-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court

concludes that the decision of the Commissioner must be affirmed.

**STATEMENT OF ISSUES**

Plaintiff raises the following three issues:

1. Whether the Administrative Law Judge ("ALJ") properly complied with Social Security Ruling ("SSR") 96-7p;
2. Whether the ALJ properly considered the demands of her past relevant work;
3. Whether the ALJ should have obtained vocational expert testimony.

**I**

**THE ALJ DID NOT ERR IN ASSESSING ALLEGED SIDE EFFECTS OF MEDICATIONS**

Plaintiff's first issue is styled as an assessment of error for the ALJ's failure to properly comply with SSR 96-7p. In particular, Plaintiff is addressing the ALJ's evaluation of side effects of medications. (See JS at 3, et seq.)

Plaintiff submitted a Disability Report (AR 75-83) which discussed medications and her claims as to side effects of those medications. In that report, Plaintiff provided contradictory indications as to side effects of medication. For example, with regard to the drug "Metformin," she claimed that it causes nausea and gas. (AR 78.) But she then reported that this drug causes "metallic taste, gas, upset stomach." (AR 83.) In addition, she initially claimed that she suffered fatigue from "Norvasc," but later claimed no side effects from that drug. (AR 78, 83.) Similarly as to the drug "Triamt/HCTC" she initially claimed lightheadedness, but then asserted no side effects. (AR 78, 83.) She initially claimed nausea from

1  taking "Zocor," but later failed to list this drug at all as one which
2  causes any side effects. (See, Id.)  She initially indicated that from
3  the drug "Famotidine" she suffered from dizziness and headache, but
4  later claimed that this drug caused her stomach pain and gas. (Id.)
5  Finally, she claimed that she suffered fainting from the drug "Nitro-
6  Quick," but later reported no side effects from this drug. (Id.)
7      At her hearing, Plaintiff testified that side effects from her
8  medications exist, and that "... almost all of them they make me
9  dizzy, drowsy." (AR 184.)  Clearly, this testimony was inconsistent
10 with her prior self-reporting.
11     Thus, although Plaintiff now complains that the ALJ failed to
12 properly evaluate her side effects from medications, her claims as to
13 what side effects are a result of what medications are almost entirely
14 inconsistent.  What is at issue is the credibility of Plaintiff's
15 general assertions that she suffers side effects from medications at
16 all.  Here, the Court notes the ALJ's detailed discussion in his
17 decision of the numerous instances in which Plaintiff made subjective
18 claims of various types of pain, which were consistently unsupported
19 by medical examinations. (See AR at 14.)  The factual situation
20 presented here can be analyzed under the Ninth Circuit's reasoning in
21 Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2000).  There, the
22 ALJ was held not to have erred in failing to rely upon self-reported
23 side effects of medication as being sufficiently substantiated to be
24 included in a hypothetical question posed to a vocational expert
25 ("VE") setting forth functional limitations.  The Court held that,
26     "The ALJ did not err in relying exclusively on the VE's
27      response to the first hypothetical question that did not
28      include side effects from medication...  There were passing

```
            mentions of the side effects of [Plaintiff's] medication in
            some of the medical records, but there is no evidence of
            side effects severe enough to interfere with [plaintiff's]
            ability to work."
(240 F.3d at 1164.)
```

Here, similarly, not only are the allegations as to side effects of medication almost completely inconsistent, but there is no indication that any of them caused functional limitations relevant to the disability analysis. The ALJ clearly made a credibility assessment, and determined to discount Plaintiff's claims because of her repeated exaggerations of her symptoms. Plaintiff has not challenged the credibility assessment contained in the Decision, and the Court therefore sees no reason to further delve into the issue.

For the foregoing reasons, the first issue has no merit.

## II

**THE ALJ DID NOT ERR IN DETERMINING THAT PLAINTIFF COULD PERFORM HER PAST RELEVANT WORK**

In his Decision, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with certain restrictions. (AR 13.) Plaintiff does not challenge the RFC assessment. Later, at Step Four of the sequential analysis, the ALJ determined that based on the requirements of the Dictionary of Occupational Titles ("DOT"), Plaintiff can perform her past relevant work as a cashier and as a call center telephone operator. The Decision identified those specific occupations as they are defined in the DOT. (AR 16.)

4

1    Plaintiff's apparent issue is not that the ALJ erred in making
2 this determination, but that the Decision does not properly indicate
3 how the determination is supported.  For the reasons to be discussed,
4 this contention has no merit.
5    It is Plaintiff's burden at Step Four to prove her inability to
6 return to her past relevant work.  Only if Plaintiff meets this burden
7 does the burden of proof shift to the Commissioner to show that
8 Plaintiff can perform other occupations in the economy (Step Five of
9 the analysis).  See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir.
10 2001).  Plaintiff does not seem to dispute these fundamental
11 principles.  Neither does Plaintiff seem to dispute the fact that the
12 identified past relevant work occupations come within Plaintiff's RFC.
13 Moreover, Plaintiff does not dispute that in making this
14 determination, it was proper for the ALJ to consult the DOT, as he is
15 specifically authorized to do under applicable regulations. (See 20
16 C.F.R. §416.960(b)(2)(2007).)  Consequently, the Court fails to
17 appreciate Plaintiff's assertion of error.  The ALJ determined
18 Plaintiff's RFC, which she does not dispute.  The ALJ then identified
19 Plaintiff's past relevant work, which again, Plaintiff does not
20 dispute.  Finally, the ALJ acted according to controlling regulations,
21 and consulted the DOT in determining that Plaintiff can perform these
22 jobs, which are within her RFC limitations.  There is simply no
23 identified error in the Decision.
24    Finally, Plaintiff's third issue may be addressed briefly. Here,
25 she asserts that the ALJ should have obtained testimony from a VE.
26 Plaintiff generally asserts that she has "severe pain limitations"
27 which "can cause significant non-exertional limitations," and also
28 "significant side effects from her medication." (JS at 14.)  The Court

has already addressed the latter issue, finding that there is no merit to Plaintiff's assertion that side effects from her medication should have been factored into the disability analysis. With regard to Plaintiff's generalized assertion that she has severe pain limitations, she has failed to assert this as an issue, nor has she identified what pain limitations are being referenced in her argument. Moreover, as the Court noted in its discussion as to Plaintiff's first issue, the ALJ assessed that Plaintiff's credibility would be diminished because she had a continuous history of exaggerating her pain. Plaintiff's third issue has no merit.

For the foregoing reasons, the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: July 22, 2008            /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE